UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**     JS-6

O

| Case No. | CV 11-10598 CAS (JEMx) | Date | June 4, 2012 |
|---|---|---|---|
| Title | JOSEPH SERNA ET AL. v. BANK OF AMERICA, N.A.; ET AL. | | |

| Present: The Honorable | CHRISTINA A. SNYDER | |
|---|---|---|
| CATHERINE JEANG | LAURA ELIAS | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| IMRAN SYED | LILA AL-MARHOON |

**Proceedings:** **DEFENDANTS' MOTION TO DISMISS SECOND AMENDED COMPLAINT** (filed 4/23/2012)

## I. INTRODUCTION

On September 23, 2011, plaintiffs Joseph and Carolyn Serna filed a complaint against defendants Bank of America, N.A. ("BofA") as alleged successor-in-interest to Countrywide Home Loans ("Countrywide"), and Mortgage Electronic Registration Systems ("MERS"). Defendants removed to this Court on December 22, 2011, on the basis of diversity jurisdiction. Dkt. No. 1.

On February 7, 2012, plaintiffs filed a first amended complaint ("FAC") asserting three claims: (1) promissory estoppel; (2) violation of California Bus. & Prof. Code §§ 17200 et seq. ("UCL"); and (3) unjust enrichment. Dkt. No. 16. By order dated March 26, 2012, the Court granted defendants' motion to dismiss with leave to amend. Dkt. No. 20. The Court concluded that plaintiffs failed to allege why BofA should be held liable for Countrywide's alleged wrongs; that plaintiffs lacked standing under the UCL; that plaintiffs' UCL claim failed on the merits; and that California law does not recognize a claim for unjust enrichment under these circumstances. Id. at 5–10.

Plaintiffs filed a second amended complaint ("SAC") on April 20, 2012, asserting the same three claims for relief. On April 23, 2012, defendants filed a motion to dismiss, and on May 11, 2012, plaintiffs filed an opposition. Defendants filed their reply on May 21, 2012. The Court held a hearing on the matter on June 4, 2012. After considering the arguments set forth by both parties, the Court finds and concludes as follows.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**　　JS-6

| Case No. | CV 11-10598 CAS (JEMx) | Date | June 4, 2012 |
|---|---|---|---|
| Title | JOSEPH SERNA ET AL. v. BANK OF AMERICA, N.A.; ET AL. | | |

## II. BACKGROUND

In 1973, plaintiffs purchased real property located at 8837 Dalewood Avenue, Pico Rivera, California, 90660 ("Property"). SAC ¶ 21. On May 25, 2007, plaintiffs refinanced the Property for $370,000, secured by a deed of trust naming MERS as the beneficiary. Id. ¶ 23.

Beginning in August 2008, plaintiffs were unable to pay their monthly payments of $2,291. Id. ¶ 32. At that time, plaintiffs requested assistance from Countrywide (now BofA) and were enrolled in the Home Affordable Modification Trial Period Plan ("Trial Plan"). Id. ¶ 33. Plaintiffs aver that a representative of Countrywide told plaintiffs that if they made reduced payments of $1,496 for three months starting in May 2009, they would qualify for a permanent modification. Id. Plaintiffs allege that they made two timely payments and attempted to make a third when BofA informed them that they had missed one payment and thus would not be given a permanent modification. Id. ¶ 40. Plaintiffs allege that they did not miss a payment but were told by BofA that "their check was received but was sent to the incorrect department." Id. ¶ 39.

Despite denial of the permanent modification, plaintiffs allege that they were instructed to continue making the reduced payments, and they did so until July 2010. Id. ¶¶ 42–43. At that time, BofA allegedly informed plaintiffs that it would no longer accept the reduced trial payments and directed plaintiffs to start paying $2,291 per month again. Id. ¶ 43. As of the date of this order, plaintiffs' home has not yet been foreclosed on.

## III. LEGAL STANDARD

### A. Fed. R. Civ. P. 12(b)(6)

A Rule 12(b)(6) motion tests the legal sufficiency of the claims asserted in a complaint. "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007). "[F]actual allegations must be enough to raise a right to relief above the speculative level." Id.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**  JS-6

| Case No. | CV 11-10598 CAS (JEMx) | Date | June 4, 2012 |
| Title | JOSEPH SERNA ET AL. v. BANK OF AMERICA, N.A.; ET AL. |

In considering a motion pursuant to Rule 12(b)(6), a court must accept as true all material allegations in the complaint, as well as all reasonable inferences to be drawn from them. Pareto v. F.D.I.C., 139 F.3d 696, 699 (9th Cir. 1998). The complaint must be read in the light most favorable to the nonmoving party. Sprewell v. Golden State Warriors, 266 F.3d 979, 988 (9th Cir. 2001); Parks Sch. of Bus., Inc. v. Symington, 51 F.3d 1480, 1484 (9th Cir. 1995). However, "[i]n keeping with these principles a court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth. While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." Ashcroft v. Iqbal, 556 U.S. 662, 129 S.Ct. 1937, 1950 (2009); Moss v. United States Secret Service, 572 F.3d 962, 969 (9th Cir. 2009) ("[F]or a complaint to survive a motion to dismiss, the non-conclusory 'factual content,' and reasonable inferences from that content, must be plausibly suggestive of a claim entitling the plaintiff to relief.") (citing Twombly and Iqbal); Sprewell, 266 F.3d at 988; W. Mining Council v. Watt, 643 F.2d 618, 624 (9th Cir. 1981). Ultimately, "[d]etermining whether a complaint states a plausible claim for relief will . . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Iqbal, 129 S.Ct. at 1950.

Furthermore, unless a court converts a Rule 12(b)(6) motion into a motion for summary judgment, a court cannot consider material outside of the complaint (e.g., facts presented in briefs, affidavits, or discovery materials). In re American Cont'l Corp./Lincoln Sav. & Loan Sec. Litig., 102 F.3d 1524, 1537 (9th Cir. 1996), rev'd on other grounds sub nom Lexecon, Inc. v. Milberg Weiss Bershad Hynes & Lerach, 523 U.S. 26 (1998). A court may, however, consider exhibits submitted with or alleged in the complaint and matters that may be judicially noticed pursuant to Federal Rule of Evidence 201. In re Silicon Graphics Inc. Sec. Litig., 183 F.3d 970, 986 (9th Cir. 1999); Lee v. City of Los Angeles, 250 F.3d 668, 689 (9th Cir. 2001).

For all of these reasons, it is only under extraordinary circumstances that dismissal is proper under Rule 12(b)(6). United States v. City of Redwood City, 640 F.2d 963, 966 (9th Cir. 1981).

As a general rule, leave to amend a complaint which has been dismissed should be freely granted. Fed. R. Civ. P. 15(a). However, leave to amend may be denied when "the court determines that the allegation of other facts consistent with the challenged pleading

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**  JS-6

| Case No. | CV 11-10598 CAS (JEMx) | Date | June 4, 2012 |
|---|---|---|---|
| Title | JOSEPH SERNA ET AL. v. BANK OF AMERICA, N.A.; ET AL. | | |

could not possibly cure the deficiency." Schreiber Distrib. Co. v. Serv-Well Furniture Co., 806 F.2d 1393, 1401 (9th Cir. 1986); see Lopez v. Smith, 203 F.3d 1122, 1127 (9th Cir. 2000).

### B. Fed. R. Civ. P. (9)(b)

Rule 9(b) requires that the circumstances constituting a claim for fraud be pled with particularity. Rule 9(b) applies not just where a complaint specifically alleges fraud as an essential element of a claim, but also where the claim is "grounded in fraud" or "[sounds] in fraud." Vess v. Ciba-Geigy Corp. U.S.A., 317 F.3d 1097, 1103–04 (9th Cir. 2003). A claim is said to be "grounded in fraud" or "'sounds in fraud'" where a plaintiff alleges that defendant engaged in fraudulent conduct and relies on solely on that conduct to prove a claim. Id. "In that event, . . . the pleading of that claim as a whole must satisfy the particularity requirement of [Rule] 9(b)." Id. However, where a plaintiff alleges claims grounded in fraudulent and non fraudulent conduct, only the allegations of fraud are subject to heightened pleading requirements. Id. at 1104.

A pleading is sufficient under Rule 9(b) if it "[identifies] the circumstances constituting fraud so that the defendant can prepare an adequate answer from the allegations." Walling v. Beverly Enters., 476 F.2d 393, 397 (9th Cir. 1973). This requires that a false statement must be alleged, and that "circumstances indicating falseness" must be set forth. In re GlenFed Sec. Litig., 42 F.3d 1541, 1548 (9th Cir. 1994). Thus, Rule 9(b) requires a plaintiff to "identify the 'who, what, when, where and how of the misconduct charged,' as well as 'what is false or misleading about [the purportedly fraudulent conduct], and why it is false." Cafasso, ex rel. United States v. Gen. Dynamics C4 Sys., Inc., 637 F.3d 1047, 1055 (9th Cir. 2011) (quoting Ebeid ex rel. United States v. Lungwitz, 616 F.3d 993, 998 (9th Cir. 2010)).

When a party pleads fraud against a corporation, the already heightened pleading standard is further heightened. "The requirement of specificity in a fraud action against a corporation requires the plaintiff to allege the names of the persons who made the allegedly fraudulent representations, their authority to speak, to whom they spoke, what they said or wrote, and when it was said or written." Tarmann v. State Farm Mut. Auto. Ins. Co., 2 Cal. App. 4th 153 (1991).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**                                           JS-6

| Case No. | CV 11-10598 CAS (JEMx) | Date | June 4, 2012 |
|---|---|---|---|
| Title | JOSEPH SERNA ET AL. v. BANK OF AMERICA, N.A.; ET AL. | | |

## IV.  DISCUSSION

Defendants move to dismiss plaintiffs' claims on largely the same grounds as asserted in their motion to dismiss the FAC.  Each claim is discussed in turn.

### A.  First Claim for Promissory Estoppel

In its March 26, 2012 order, the Court granted defendants' motion to dismiss plaintiffs' promissory estoppel claim on the ground that plaintiffs had not adequately alleged that BofA is a successor-in-interest to Countrywide.  Dkt. No. 20 at 5–6.  In the SAC, plaintiffs attempt to cure this deficiency by alleging that BofA "expressly assumed the liability by sending [plaintiffs] a letter stating they could make the trial plan payment."  SAC ¶ 47, Exh. C.

Defendants argue that the letter upon which plaintiffs rely does not demonstrate that BofA assumed Countrywide's liabilities for two reasons: first, it was sent by Bank of America Home Loans—an entity distinct from BofA—and second, because the letter merely summarizes plaintiffs' obligations under the Trial Plan and does not expressly or impliedly state that BofA is assuming Countrywide's liabilities.  Mot. at 3–4.

In opposition, plaintiffs argue that Bank of America Home Loans is the same entity of BofA.  Opp'n at 8.  Plaintiffs also argue the merits of their claim.  Id. at 7.  Plaintiffs do not address why BofA should be held liable as successor-in-interest for Countrywide's alleged wrongs.

Under California law, "the purchaser does not assume the seller's liability unless (1) there is an express or implied agreement of assumption, (2) the transaction amounts to a consolidation or merger of the two corporations, (3) the purchasing corporation is a mere continuation of the seller, or (4) the transfer of assets to the purchaser is for the fraudulent purpose of escaping liability for the seller's debts."  Ray v. Alad Corp., 19 Cal. 3d 22, 28 (1977).  Plaintiffs' SAC, like the FAC, fails to allege why BofA should be held liable for Countrywide's alleged wrongs.  The letter upon which plaintiffs rely simply states that plaintiffs were participants in the Trial Plan and explains that plaintiffs will continue to receive notifications during the Trial Plan period.  SAC, Exh. C.  It says nothing of BofA expressly assuming Countrywide's liabilities, nor does it give rise to an inference that BofA assumed Countrywide's liabilities.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**  JS-6

| Case No. | CV 11-10598 CAS (JEMx) | Date | June 4, 2012 |
|---|---|---|---|
| Title | JOSEPH SERNA ET AL. v. BANK OF AMERICA, N.A.; ET AL. | | |

Accordingly, plaintiffs' allegations are insufficient to maintain an action against BofA for Countrywide's alleged wrongs. See Pantoja v. Countrywide Home Loans, Inc., 640 F. Supp. 2d 1177, 1192 (N.D. Cal. 2009) (holding that a plaintiff that alleged that BofA "is responsible and liable for the actions of Countrywide" and that pled "no facts beyond the purchase of Countrywide by [BofA]" has failed to plead enough facts to maintain a claim against BofA); Maine State Retirement Sys. v. Countrywide Financial Corp., 2011 WL 1765509, at *8 (C.D. Cal. Apr. 20, 2011) (holding that plaintiffs' allegation that BofA was successor-in-interest to Countrywide was belied by SEC filings demonstrating significant consideration retained by Countrywide following BofA's acquisition of it); Allstate Ins. Co. v. Countrywide Fin. Corp., 2011 WL 5067128, at *23–24 (C.D. Cal. Oct. 21, 2011) (granting BofA's motion to dismiss all claims against it where the plaintiff "has not identified any express contractual assumption of liabilities and it directs the Court to nothing that would indicate that [BofA] impliedly assumed Countrywide's liabilities"); Winner Chevrolet, Inc. v. Universal Underwriters Ins. Co., 2008 U.S. Dist. LEXIS 111530, at *11–12 (E.D. Cal. Jul. 1, 2008) ("[P]laintiffs here must not only plead the existence of an assumption of liability but either the terms of that assumption of liability (if express) or the factual circumstances giving rise to an assumption of liability (if implied). Although plaintiffs argue that an implied assumption of liability may be inferred by Zurich's conduct, the mere allegation that Zurich communicated with plaintiffs regarding their claims and that it shared a common address with Universal is not enough from which to infer that Zurich agreed to assume Universal's liabilities.") (citing Truck Ins. Exch. v. Amoco Corp., 35 Cal. App. 4th 814, 826 (1995)).

For the foregoing reasons, defendants' motion to dismiss plaintiffs' promissory estoppel claim is GRANTED. Because plaintiff has been afforded two prior opportunities to amend and has failed to cure the outlined deficiencies, dismissal is with prejudice.

### B. Second Claim for Violations of the UCL

The California UCL provides a remedy for "any unlawful, unfair or fraudulent business act or practice and unfair, deceptive, untrue or misleading advertising." Cal. Bus. & Prof. Code § 17200. The statute is phrased in the "disjunctive," and, as a result, is violated where a defendant's act or practice is unlawful, unfair, or fraudulent. Prata v. Super. Ct., 91 Cal. App. 4th 1128, 1137 (Cal. Ct. App. 2001).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**  JS-6

| Case No. | CV 11-10598 CAS (JEMx) | Date | June 4, 2012 |
|---|---|---|---|
| Title | JOSEPH SERNA ET AL. v. BANK OF AMERICA, N.A.; ET AL. | | |

California law limits standing under the UCL "to any person who has suffered injury in fact and has lost money or property as a result of unfair competition." Kwikset Corp. v. Sup. Ct., 51 Cal. 4th 310, 320–21 (2011) (internal quotation marks and citation omitted). To meet this standard, "a party must now (1) establish a loss or deprivation of money or property sufficient to qualify as injury in fact, i.e., economic injury, and (2) show that that economic injury was the result of, i.e., caused by, the unfair business practice or false advertising that is the gravamen of the claim." Id. at 322; see also Peterson v. Cellco P'ship, 164 Cal. App. 4th 1583, 1591 (Cal. Ct. App. 2008) (concluding that the plaintiff could not demonstrate injury in fact when he received the benefit of his bargain).

The Court previously concluded that plaintiffs lacked standing under the UCL because

> the only "costs" to plaintiffs have been reduced payments on a previously existing loan obligation. The Trial Plan contract specifically states that "all terms and provisions of the Loan Documents remain in full force and effect; nothing in this Plan shall be understood or construed to be a satisfaction or release in whole or in part of the obligations." Compl., Exh. B. Accordingly, plaintiffs have not shown that there has been a loss of money or property, let alone a loss that was caused by defendants' wrongful conduct.

Dkt. No. 20 at 6.

In the SAC, plaintiffs added the following paragraph: "The plaintiffs have shown that they have standing under the UCL. The [p]laintiffs have suffered tremendously, lost money in the form of legal fees, and face the possibility of their home being foreclosed on because of the fraudulent conduct of Bank of America." SAC at 8.

These new allegations fail to cure the deficiency. First, the Court already found that plaintiffs have not lost any property because their home has not yet been foreclosed upon. Dkt. No. 20 at 6. Second, plaintiffs' contention that "legal fees" and costs is sufficient to satisfy the injury-in-fact requirement is unpersuasive; such a finding would mean that "a private plaintiff bringing a UCL claim automatically would have standing merely by filing suit." Cordon v. Wachovia Mortg., 776 F. Supp. 2d 1029, 1039 (N.D. Cal. 2011); see also Thompson v. Residential Credit Solutions, Inc., 2012 U.S. Dist.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**  JS-6

| Case No. | CV 11-10598 CAS (JEMx) | Date | June 4, 2012 |
|---|---|---|---|
| Title | JOSEPH SERNA ET AL. v. BANK OF AMERICA, N.A.; ET AL. | | |

LEXIS 9430, at *14–15 (E.D. Cal. Jan. 25, 2012) (concluding that there is no authority to suggest that attorneys' fees and costs incurred in bringing a UCL claim are sufficient to confer standing). Finally, plaintiffs still have not alleged how the impending foreclosure was caused by defendants' actions, as plaintiffs do not contest that they defaulted on their loan. See DeLeon v. Wells Fargo Bank, N.A., 2011 WL 311376, at *7 (N.D. Cal. Jan. 28, 2011) (rejecting plaintiffs' contention that "if they had known that Wells Fargo never intended to complete the loan modification process, they would have instead concentrated their efforts on reinstating the loan" because plaintiffs were already in default, and accordingly concluding that plaintiffs lacked standing under the UCL); see also Peterson, 164 Cal. App. 4th at 1591 (no injury suffered where plaintiff received benefit of bargain).

Accordingly, because plaintiffs lack standing to pursue their UCL claim, defendants' motion to dismiss is GRANTED with prejudice.

Even if the Court considered the merits of plaintiffs' UCL claim, dismissal would be appropriate. First, plaintiffs allege that defendants violated the UCL's "unlawful" prong vis-a-vis plaintiffs' promissory estoppel claim. As discussed above, plaintiffs' promissory estoppel claim fails as a matter of law. Accordingly, plaintiffs' UCL claim fails insofar as it arises out of the unlawful prong.

Second, the Court previously concluded that plaintiffs' UCL claim was not pled with sufficient particularity pursuant to Rule 9(b) such that the claim could proceed under the UCL's "fraudulent" prong. Dkt. No. 20 at 8 n.1. Plaintiffs allegations in the SAC are unchanged from those contained in the FAC. Compare FAC ¶¶ 47–48 with SAC ¶¶ 47–48. Accordingly, plaintiffs' UCL claim fails insofar as it arises out of the fraudulent prong for the same reason. See id.

Finally, the Court previously found that, to maintain a claim under the UCL's "unfair" prong, plaintiffs must allege why BofA should be liable as successor-in-interest for Countrywide's alleged wrongs; why defendants' conduct was allegedly unfair; whether the injury is substantial and not outweighed by any countervailing benefits; and whether the injury was unavoidable. Dkt. No. 20 at 9 (citing Berryman v. Merit Prop. Mgmt., Inc., 152 Cal. App. 4th 1544, 1555 (Cal. Ct. App. 2007)). As discussed above, plaintiffs have failed to adequately plead successor-in-interest liability. Moreover, the SAC's allegations are identical to the FAC's allegations, other than the additional allegation that BofA allegedly "misplaced" one of plaintiffs' Trial Plan payments.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**  JS-6

| | | | |
|---|---|---|---|
| Case No. | CV 11-10598 CAS (JEMx) | Date | June 4, 2012 |
| Title | JOSEPH SERNA ET AL. v. BANK OF AMERICA, N.A.; ET AL. | | |

Compare FAC ¶ 49 with SAC ¶ 48. This new allegation does not address whether the injury is substantial and not outweighed by any countervailing benefits or whether the injury was avoidable. Berryman, 152 Cal. App. 4th at 1555. Accordingly, plaintiffs' UCL claim fails insofar as it arises out of the unfair prong.

Because plaintiffs' have not adequately alleged their UCL claim under any of the three prongs, dismissal is appropriate. Defendants' motion is therefore GRANTED as to plaintiffs' UCL claim with prejudice.

### C. Claim for Unjust Enrichment

The Court previously ruled that "California law does not recognize" a claim for unjust enrichment except for in limited circumstances—not present here—where the plaintiff alleges overcharges. Dkt. No. 20 at 10. The SAC again asserts unjust enrichment as a claim for relief without alleging that plaintiffs were charged more than what they agreed to pay. Compare FAC ¶¶ 54–61 with SAC ¶¶ 53–61. Accordingly, plaintiffs' claim for unjust enrichment fails as a matter of law, and defendants' motion is GRANTED as to that claim with prejudice. E.g., Melchior v. New Line Prods., Inc., 106 Cal. App. 4th 779, 794 (Cal. Ct. App. 2003) ("There is no cause of action in California for unjust enrichment.").

### V. CONCLUSION

In accordance with the foregoing, defendants' motion to dismiss is GRANTED. Because plaintiffs have been afforded multiple opportunities to amend but have failed to cure the outlined deficiencies, dismissal is WITH PREJUDICE.

IT IS SO ORDERED.

| | | |
|---|---|---|
| | 00 | : 13 |
| Initials of Preparer | CMJ | |